Judge Logan
delivered the opinion of the court.
This suit depends upon the following entry: — “Barthb-* iomew Dandridge, assignee, enters 50 acres on a military Warrant, to adjoin an old survey of 2000 acres made by Col. Floyd for Bartholomew Dandridge, by virtue of a military warrant, on the north side, extending out from the «ame for quantity — (on Elkhorn.”)
Pope and Hughes for appellant, Bibb and Hardin contra,
The survey of Dandridge is proven to have been suffi* siently notorious. This survey presents a northwardly boundary, with one of the corners thereof on the bank of Elkhorn. Considering the call for Elkhorn as a locative call, as we incline to think it ought to be, the entry must be sustained. The call to adjoin a given line, and to lie on the creek, when that line corners on the creek and runs off from it, seems to evince with reasonable certainty the intention of the locator to place bis claim on that part of the line. And although the entry might be laid to adjoin the uorthardly boundary of Dandridge and extend to the creek in a different place: this is owing to a bend in the creek, which approaches within 80 or 100 poles of that boundary, which, in a case like the present, where the survey calls to corner on the creek, and presents that .boundary without regard to the creek and its probable windings, it certainly better comports with the description, and more aptly fits the calls for the survey and the creek, to place the entry upon those two calls in their intended and conjoint sense.
We do not, however, accord with the opinion of the court below, in the manner of surveying this entry. We can perceive no good reason for confining the claim to that side of the creek, and thereby departing from the ordinary principle of squaring: there is so call in the entry requiring such departure. We are, therefore, of opinion, that this entry ought to be surveyed in a square, binding on Dan-dridge’s line from his northeastwardly corner on Elkhorn, and at right angles from the base, extending across the creek. And because from this opinion the complainant will not recover as much land as under the decree of the court below, the decree must be reversed with cost, and the cause remanded, that a decree may be rendered con* formably to this opinion.